IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 12-cv-01071-PAB-MJW

**IRENE RODRIGUEZ**,

      Plaintiff,

v.

**CHRISTINE CHAVEZ**, individually and as a Police Officer of the City and County of Denver,
**JOEY GASCA**, individually and as a Police Officer of the City and County of Denver,
**KRISTY GARCIA**, individually and as a Police Officer of the City and County of Denver,
**DAMON BOWSER**, individually and as a Police Officer of the City and County of Denver,
**GERALD R. WHITMAN**, individually, and as the former Chief of Police of the City and County of Denver, and the
**CITY and COUNTY of DENVER**, a municipal corporation.

      Defendants.

---

## STIPULATED PROTECTIVE ORDER (Docket No. 34-1)

---

Each party and each Counsel of Record have stipulated and moved the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, therefore, the Court orders as follows:

    1.    In this action, it is anticipated that both Parties will seek Confidential Information (as defined in paragraph 3 below). The parties also anticipate that they will seek additional information that the opposing party(ies) may deem to be Confidential Information during all aspects of discovery. The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

2. The parties have entered into this Stipulation and request that the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein. Any information designated by a party as Confidential must be reviewed by counsel who will certify that the designation as Confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

3. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom and designated by one of the parties in the manner provided in paragraph 4 below as containing Confidential Information, including, but not limited to:

    a. the Parties and/or their representatives' personnel files;

    b. the personnel, medical, mental health records or other confidential records of the Plaintiff, Irene Rodriguez;

    c. Plaintiff's employment, tax and/or financial records;

    d. any record or document resulting from a Denver Police Department Internal Affairs Bureau Investigation;

    e. any documents containing confidential information relating to third parties.

4. Where Confidential Information is produced, provided or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

      a.      By imprinting the word "Confidential" on the first page or cover of any document produced;

      b.      By imprinting the word "Confidential" next to or above any response to a discovery request; By identifying information as "Confidential" in any response to a discovery request; and

      c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom

such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 7 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel seeking disclosure may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. If the parties cannot resolve the objection it shall be the obligation of the party designating the information as confidential to file an appropriate motion within ten (10) business days, or a longer period as mutually agreed upon by the parties, after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as

confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within ten (10) business days, or a longer period as mutually agreed upon by the parties, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. Use of Confidential Information in court proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under ~~seal~~ [Restricted Access]" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under ~~seal~~ [Restricted Access]. Any motion requesting leave to file documents under ~~seal~~ [Restricted Access] shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

[handwritten margin notation: MJW 10-19-12]

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. The parties have adopted no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. The terms and conditions in this Protective Order survive the termination of this litigation. Upon conclusion of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order or, at the option of the receiving party, certify within three (3) years that all copies have been destroyed.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 19TH day of October, 2012.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6

**STIPULATED AND AGREED TO**:

s/ Kenneth A. Padilla
Counsel for Plaintiff


s/ Joseph Rivera
Counsel for Defendants