IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01071-PAB-MJW

IRENE RODRIGUEZ,

Plaintiff,

v.

CHRISTINE CHAVEZ, individually and as a Police Officer of the City and County of Denver,
JOEY GASCA, individually and as a Police Officer of the City and County of Denver,
KRISTY GARCIA, individually and as a Police Officer of the City and County of Denver,
DAMON BOWSER, individually and as a Police Officer of the City and County of Denver,
GERALD R. WHITMAN, individually and as a Police Officer of the City and County of Denver, and the
CITY AND COUNTY OF DENVER, a municipal corporation,

Defendants.

---

ORDER ON
PLAINTIFF'S MOTIONS TO COMPEL
(Docket Nos. 47, 48, 49, 50, 51, & 52)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 18) issued by Judge Philip A. Brimmer on June 1, 2012.

Now before the court are plaintiff's Motions to Compel (Docket Nos. 47, 48, 49, 50, 51, & 52). The court has carefully considered the subject motions, defendants' responses (Docket Nos. 64, 65, 66, 67, 68, & 69), and plaintiff's replies (Docket Nos. 70, 71, 72, 73, 74, & 75). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.

2

The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff's motions seek an order from the court to compel defendants to fully respond to her requests for production of documents and interrogatories. In response, defendants argue that when the distinct and independent subparts are considered, the disputed requests and interrogatories exceed the limits imposed by the court's Scheduling Order (Docket No. 28). The Scheduling Order placed a limit of thirty (30) interrogatories per party and thirty-five (35) requests for production of documents per side.

Subparts count as one interrogatory or request for production only if they are "logically or factually subsumed within and necessarily related to the primary question." Jaramillo v. Adams County Sch. Dist. 14, No. 09-CV-02243-RPM-MEH, 2010 WL 1839329, at *3 (D. Colo. May 6, 2010) (quoting Kendall v. GES Exposition Servs., Inc., 174 F.R.D. 684 (D. Nev. 1997)) (applying Kendall test to interrogatories); Kovacs v. Hershey Co., No. 04-cv-1881-WYD-BNB, 2006 WL 1980291, at *4-5 (D. Colo. July 13, 2006) (applying Kendall test to requests for production).

**Interrogatories**

*Interrogatory No. 1*

First, defendants argue that Interrogatory No. 1 contains five separate interrogatories, one for each of the named individuals. However, the court will only consider it one interrogatory for each named defendant.

The court agrees with defendants that the description of training and the identification of training documents are two distinct interrogatories. Although related,

3

they stand alone and are independent from each other

*Interrogatory No. 2*

The court finds that Interrogatory No. 2 contains four distinct interrogatories.

The court agrees with defendants that the description of policies and the identification of policy documents are two distinct interrogatories. Although related, they stand alone and are independent from each other.

Further, the court agrees with defendants that the identity of persons making policy and persons enforcing policy are two distinct interrogatories. Although related, they stand alone and are independent from each other.

*Interrogatory No. 3*

The court finds that Interrogatory No. 3 contains eight distinct interrogatories.

First, the court agrees with defendants that "complaints" and "investigations" are distinct interrogatories. Although related, they stand alone and are independent from each other. This is further evidenced by the fact that plaintiff supplied distinct definitions for the terms.

Second, the court finds that the following are distinct interrogatories: (1) description of record keeping policies; (2) identity of the person(s) responsible for implementing the record keeping policies; (3) description of the implementation of the record keeping policies; and (4) the dates the record keeping policies were implemented. Although related, they stand alone and are independent from each other.

*Interrogatory No. 4*

The court agrees with defendants that "complaints" and "investigations" are distinct interrogatories. Further, the court finds that Interrogatory No. 4 contains six

different subjects: use of excessive/unnecessary force, violence, threats, abuse of authority, lying or departing from the truth, and violation of any constitutional right. Accordingly, the court finds Interrogatory No. 4 contains a total of twelve distinct interrogatories.

*Interrogatory No. 5*

Interrogatory No. 5 appears to be a duplicate of Interrogatory No. 3 and therefore the court will not separately consider it.

*Interrogatory No. 6*

The court finds that Interrogatory No. 6 contains four distinct interrogatories.

The court agrees with defendants that the description of data compilation efforts and the identification of data compilation documents are two distinct interrogatories. Although related, they stand alone and are independent from each other.

Further, the court agrees with defendants that "complaints" and "investigations" are distinct interrogatories. Although related, they stand alone and are independent from each other. This is further evidenced by the fact that plaintiff supplied distinct definitions for the terms.

*Interrogatory No. 7*

The court agrees with defendants that Interrogatory No. 7 contains an indeterminate number of interrogatories. At the very least, it contains three interrogatories: (1) identity; (2) actions; and (3) role.

*Interrogatory Nos. 9, 10, 11, & 12*

The court agrees that Interrogatory Nos. 9, 10, 11, & 12 contain an indeterminate number of interrogatories for the same reasons stated in defendants' responses.

5

In view of the above determinations, the court calculates plaintiff's total interrogatories as follows: Interrogatory No. 1: five; Interrogatory No. 2: four; Interrogatory No. 3: eight; Interrogatory No. 4: twelve; Interrogatory No. 5: n/a; Interrogatory No. 6: four; Interrogatory No. 7: indeterminate; Interrogatory No. 8: one; Interrogatory No. 9: indeterminate; Interrogatory No. 10: indeterminate; Interrogatory No. 11: indeterminate; and Interrogatory No. 12: indeterminate.  Accordingly, foregoing Interrogatory Nos. 7, 9, 10, 11, & 12, plaintiff has made thirty-four (34) interrogatories per party.  This exceeds the court's limit of thirty (30) interrogatories.

**Requests for Production**

Defendants' primary objections to plaintiff's requests for production of documents are: (1) plaintiff includes five different defendants within a single request; and (2) plaintiff includes two types of documents (complaints and investigations) within a single request.  First, as to the inclusion of five defendants, the court considers a request as to the five defendants to be a single request.  Accordingly, defendants' objection in that respect is overruled.  However, the court agrees with defendants that "complaints" and "investigations" are distinct requests.  Although related, they stand alone and are independent from each other.  This is further evidenced by the fact that plaintiff supplied distinct definitions for the terms.

As to Request Nos. 4 & 6, defendants argue seven different subjects are included in these requests: excessive/unnecessary force, use of threats, abuse of authority, false statements, false testimony, malicious prosecution, and violation of any constitutional right.  The court agrees that these are separate requests.

As to Request No. 10, defendants argue it includes an indeterminate number of

6

requests since it asks for records concerning "any persons listed in defendants' Rule 26(a)(1) disclosure." The court agrees that this request is indeterminate in number and sustains defendants' objection.

In view of the above determinations, the court calculates plaintiff's total requests as follows: Request No. 1: one; Request No. 2: two; Request No. 3: one; Request No. 4: fourteen; Request No. 5: one; Request No. 6: fourteen; Request No. 7: one; Request No. 8: one; Request No. 9: one; Request No. 10: indeterminate; Request No. 11: one; and Request No. 12: two. Accordingly, foregoing Request No. 10, plaintiff has made thirty-nine (39) requests. This exceeds the court's limit of thirty-five (35) requests.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motions to Compel (Docket Nos. 47, 48, 49, 50, 51, & 52) are DENIED as outlined above. It is further

**ORDERED** that plaintiff's request for sanctions is DENIED**.** It is further

**ORDERED** that plaintiff shall have up to and including April 30, 2013 to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order.

Date: April 9, 2013              s/ Michael J. Watanabe
      Denver, Colorado           Michael J. Watanabe
                                 United States Magistrate Judge