IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01071-PAB-MJW

IRENE RODRIGUEZ,

Plaintiff,

v.

CHRISTINE CHAVEZ, individually and as a Police Officer of the City and County of Denver,
JOEY GASCA, individually and as a Police Officer of the City and County of Denver,
KRISTY GARCIA, individually and as a Police Officer of the City and County of Denver,
DAMON BOWSER, individually and as a Police Officer of the City and County of Denver,
GERALD R. WHITMAN, as a Police Officer of the City and County of Denver, and the
CITY AND COUNTY OF DENVER, a municipal corporation,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Plaintiff's Motion for Protective Order and Objection to Depositions of Irene Rodriguez, Armando Bustos-Meza, and Clyde MacArthur (docket no. 119) is DENIED for the following reasons.

      It is FURTHER ORDERED that each party shall pay their own attorney fees and costs for this motion.

      It is FURTHER ORDERED that the parties shall meet and confer on or before June 6, 2014, and reset the depositions of Plaintiff Irene Rodriguez and witnesses Armando Bustos-Meza and Clyde MacArthur prior to the discovery cut-off date (July 17, 2014).  If the parties are unable to cooperate and select new dates for these depositions, then this court will set the dates for these depositions.

      Plaintiff asserts that on April 8, 2014 at 2:25 p.m., Defendants provided jail records and a 195 page transcript of the testimony of Plaintiff Irene Rodriguez and witnesses Armando Bustos-Meza and Clyde MacArthur who, on October 22, 2010, testified in the underlying criminal trial of Plaintiff Rodriguez.  The records and transcript were provided to Plaintiff Rodriguez in Defendants' Second Supplemental Disclosures, less than one day prior to the deposition of Plaintiff Rodriguez which was set on April 9, 2014 at 9:00 a.m., and just a two days prior to the scheduled depositions of Armando

Bustos-Meza and Clyde MacArthur which were set on April 10, 2014. Accordingly, Plaintiff Rodriguez argues that she would be prejudice if the depositions go forward without counsel for Plaintiff having sufficient time to (1) review the transcript of Plaintiff's previous testimony [i.e., testimony in the underlying criminal trial] in regard to the incident which is the subject matter of this civil rights case; (2) translate the English transcript into Spanish for Plaintiff's review; and (3) understand and to properly prepare for all depositions for which transcripts have been prepared.

Defendants argue that a protective order is unnecessary and the subject motion (docket no. 119) is a delay tactic by Plaintiff. In addition, Defendants argue that (1) Plaintiff's counsel Mr. Padilla knows exactly what testimony was given in the underlying criminal trial because he represented Plaintiff in that case and asked the majority of the questions; (2) the timing of Defendants' counsel's production of the underlying criminal trial transcript and jail documents was substantially justified; and (3) Defendants' refusal to reschedule the depositions was substantially justified because it had already taken five months to get the depositions set and the parties' expert witness deadline was just two weeks after the depositions were scheduled to take place.

Here, the court finds that both Plaintiff and Defendants have contributed equally to having to vacate the depositions of Plaintiff Irene Rodriguez and witnesses Armando Bustos-Meza and Clyde MacArthur that were scheduled on April 9 and 10, 2014 and causing delay in the discovery process. First, Plaintiff's very experienced counsel, Mr. Padilla, represented Plaintiff in the underlying criminal trial. At that underlying criminal trial, Plaintiff and witnesses Armando Bustos-Meza and Clyde MacArthur all testified. Plaintiff's argument suggesting surprise about the criminal trial transcript is without merit. Plaintiff's counsel knew or should have known that a copy of the criminal trial transcript could be obtained after the criminal trial concluded on October 22, 2010. See Complaint filed on April 20, 2012 at paragraph 29 docket no. 1. Moreover, nothing prevented Plaintiff herself from obtaining, much earlier in this lawsuit, a copy of the underlying criminal trial transcript or the jail records arising out of Plaintiff's criminal case which is the basis for this civil rights lawsuit. In particular, since Plaintiff knew or should have known at the time of the notice setting of her deposition, and the notice of deposition of witnesses Armando Bustos-Meza and Clyde MacArthur, that such transcript could be used to either impeach or rehabilitate Plaintiff or Mr. Bustos-Meza or Mr. MacArthur during their depositions, or later at the trial on merits since this civil rights case before this court arises out of the same transaction or occurrence. Plaintiff's counsel knew or should have known that a transcript of testimony in a Denver County Court criminal trial was available since the underlying criminal trial was held before a court of record. Plaintiff's counsel had ample opportunity to obtain this transcript well before the scheduled depositions on April 9 and 10, 2014, in order to prepare the Plaintiff and witnesses Mr. Bustos-Meza and Mr. MacArthur for their depositions. Morever, Plaintiff's counsel heard all of the testimony at the underlying criminal trial of the Plaintiff since he was counsel for Plaintiff in the underlying criminal trial.

The court further finds that Defendants noticed the depositions of Plaintiff Irene Rodriguez and witnesses Armando Bustos-Meza and Clyde MacArthur. Defendants'

counsel were aware that there was an underlying criminal case against Plaintiff filed in the Denver County Court, which Defendants' counsel knew or should have known is a "court of record." Defendants' counsel knew this, at the latest ,when they were served with the Complaint. See Complaint (docket no. 1) at paragraph 29. The Complaint (docket no. 1) was filed with this court on April 20, 2012. Defendants were served with this lawsuit on May 30, 2012. See docket nos. 11 through 16, inclusive. Defendants' counsel could have obtained a copy of the 195 page transcript of the testimony of Plaintiff Irene Rodriguez and witnesses Armando Bustos-Meza and Clyde MacArthur at anytime after they were served with this lawsuit. Instead, Defendants waited until March 2014 to obtain a copy of the criminal trial transcript and did not provide such transcript and the related jail records to Plaintiff's counsel until less than 24 hours before the scheduled deposition of Plaintiff. Defendants' counsel and/or her staff, in essence, "dropped the ball" and did not timely provide such transcript and jail records to Plaintiff's counsel, even though it is clear that such transcript and jail records were in Defendants' possession well before April 9, 2014.

Date: May 30, 2014