IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01071-PAB-MJW

IRENE RODRIGUEZ,

Plaintiff,

v.

CHRISTINE CHAVEZ,
JOEY GASCA,
KRISTY GARCIA, and
DAMON BOWSER,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Denver Defendants' Motion to Compel Plaintiff's Discovery Responses (docket no. 143) is GRANTED pursuant to Fed. R. Civ. P. 37(a)(3)(B) and finding good cause shown.

It is FURTHER ORDERED that Plaintiff Irene Rodriguez shall provide to the Denver Defendants a full and complete response to the Denver Defendants' Request for Production ("RFP") No. 2 on or before November 7, 2014. Such response shall include records reflecting treatment that Plaintiff testified about in her deposition and assessment records by the paramedics at the scene of Plaintiff's arrest on April 22, 2010 and medical records reflecting treatment Plaintiff received after February 7, 2011 to the present. Each party shall pay their own attorney fees and costs for the subject motion (docket no. 143), since this court finds under the facts and circumstances presented here an award of expenses would be unjust.

In the subject motion (docket no. 143) Denver Defendants seek two groups of medical records: (1) records reflecting assessment by the paramedics at the scene of the arrest; and (2) records from Ms. Rodriguez's treating physician reflecting treatment and physical therapy Ms. Rodriguez allegedly received between 2011 and 2013.

Denver Defendants argue that Plaintiff only provided them with 17 pages of records from the Rocky Mountain Internal Medicine where Dr. Weintraub is a physician. Such records did not include: (1) any records from the paramedics which assessed Plaintiff at the scene of the arrest; and (2) any disclosure of any medical records

reflecting treatment she received after February 7, 2011.  Moreover, the Denver Defendants argue that Plaintiff revealed in her deposition that she has received medical treatment over the last three years for which records have not been produced.  See Exhibit 1 attached to subject motion (docket no. 143) - Plaintiff's deposition transcript at p. 81, l. 19-21; 82: 17-24; and 84: 4-22.  Denver Defendants further argue that as of the date of the filing of the subject motion (docket no. 143), Plaintiff has not provided the ambulance records (which would have been created on April 22, 2010, the date of arrest) or the requested medical records for treatment received between 2011 to the present (as described by Plaintiff during her deposition).

Plaintiff argues that the subject motion (docket no. 143) should denied since Denver Defendants' Attorney did not meet and confer as required under D.C.COLO.LCivR 7.1. before filing the subject motion (docket no. 143).   Plaintiff further argues that the subject motion (docket no. 143) should be denied since Plaintiff provided to the Denver Defendants the Plaintiff's Second Supplemental Rule 26(a)(1) Disclosures which contain the following documents:

1.    Updated medical records and doctor reports, Rocky Mountain Internal Medicine, 1360 S. Potomac Street, Aurora, Colorado 80012 [12 pages];

2.    Updated Patient Ledger Rocky Mountain Internal Medicine, 1360 S. Potomac Street, Aurora, Colorado 80012 [2 pages];

3.    Health Insurance Claim Forms, Rocky Mountain Internal Medicine, 1360 S. Potomac Street, Aurora, Colorado 80012 [3 pages];

4.    Denver Health Medical Center, Paramedic Division records dated April 22, 2010 at 4325 Morrison Road, #15.  There is no name associated with these records [2 pages].

Plaintiff argues that these records listed above [ paragraphs numbered 1-4, inclusive] respond to Denver Defendants' RFP No. 1.   See letter dated September 16, 2014 from Plaintiff's Attorney Kenny Padilla (docket no. 152-4).


Date: October 28, 2014