IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01071-PAB-MJW

IRENE RODRIGUEZ,

    Plaintiff,

v.

CHRISTINE CHAVEZ, individually,
JOEY GASCA, individually,
KRISTY GARCIA, individually,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Motion for Certification of Entry of Final Judgment [Docket No. 190] filed by plaintiff Irene Rodriguez.

## I. BACKGROUND

In her complaint, plaintiff alleged the following claims under 42 U.S.C. § 1983: (1) excessive force; (2) false arrest; (3) unlawful seizure; (4) malicious prosecution; (5) conspiracy to violate civil rights (also brought under 42 U.S.C. § 1985); and (6) municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  Docket No. 1 at 9, 12, 14.

On September 16, 2014, the Court granted defendants' partial motion to dismiss pursuant to Rule 12(c), dismissing the official capacity claims against defendants officers Chavez, Gasca, and Garcia.  Docket No. 145.  On September 3, 2015, the Court granted defendants' motion for partial summary judgment and dismissed the

claims of false arrest, malicious prosecution, and conspiracy against all the defendants. Docket No. 181. Plaintiff's remaining claim is for excessive force in violation of the Fourth Amendment against defendants Chavez, Gasca, and Garcia.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 54(b), the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims in a multiclaim case when "there is no just reason for delay." Fed. R. Civ. P. 54(b). However, to be a final judgment for purposes of Rule 54(b), the claims resolved must be "distinct and separable from the claims left unresolved." *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001). Claims are not separable if "the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the [appeals] court would have to go over the same ground that it had covered in the first appeal." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (quoting *Lawyers Title Insurance Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997)). Ultimately, the granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).

## III. ANALYSIS

Plaintiff contends that the Court's summary judgment is final because there are "no other issues or proceedings before the district court which would modify, change or otherwise affect the Court's rulings" on plaintiff's dismissed claims, and there is nothing

plaintiff can do but appeal. Docket 190 at 3, ¶¶ 5, 6. Plaintiff asserts that there is no just reason for delay. *Id.* at 4, ¶ 7. Plaintiff further argues that to proceed to trial on the excessive force claim, subsequently to appeal the court's dismissal and summary judgment orders, and only then to proceed with a second trial is financially burdensome and will result in undue hardship to plaintiff. *Id*. at 5, ¶ 10.

Plaintiff's remaining excessive force claim is not separable from the claims dismissed in the Court's summary judgment order. Plaintiff's claims of conspiracy, false arrest, and malicious prosecution derive from the same underlying facts as the excessive force claim.

The basis of plaintiff's *Monell* claim is that the City and County of Denver and its former Police Chief Gerald Whitman "adopted policies, customs and/or practices which encourage Denver police officers to use excessive, unjustified and unnecessary force causing . . . civil rights violations." Docket No. 1 at 2, ¶ 1; *see id*. at 8, ¶ 31. To establish *Monell* liability, plaintiff must demonstrate that the defendants committed a constitutional violation. *See Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). The *Monell* and excessive force claims turn on resolution of many of the same factual questions and involve common legal issues. Therefore, the *Monell* claim that has been resolved in the Court's summary judgment order is not "distinct and separable from the claims left unresolved." *Jordan*, 425 F.3d at 826; *see also Richardson v. City of New York*, 2007 WL 1732424, at *2 (S.D.N.Y. 2007) (denying motion for certification under Rule 54(b) because the dismissed *Monell* claims were "inextricably interrelated" to the underlying § 1983 claim); *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980)

(finding district court abused its discretion in granting Rule 54(b) certification because "several questions involved in this appeal may turn on, or be rendered moot by, the district court's resolution of issues still pending before it.").

Plaintiff's excessive force claim is set for trial in 17 days, on November 30, 2015. Denying Rule 54(b) certification may prevent an unnecessary appeal, saving time and expense for both the courts and the parties. Thus, the Court finds that there exists just reason for delay.

Plaintiff argues that she will be prejudiced if she cannot immediately appeal the dismissal of her claims because she lacks the financial resources to litigate two trials. However, denying certification under Rule 54(b) may actually benefit plaintiff. First, she will be able to try her § 1983 excessive force claim to a jury more quickly because she will not need to wait for an appellate decision. Second, in the event that the jury determines that the officers did not use excessive force, plaintiff may appeal the entire case at once instead of in piecemeal fashion.

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED** that plaintiff's Motion for Certification of Entry of Final Judgment Pursuant to Fed.R.Civ.P. 54(b) [Docket No. 190] is **DENIED**.

DATED November 13, 2015.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge